Scott, J.
The questions in this case arose in the court below on the-trial of an issue of devisavit vel non. The controversy was as to the validity of a certain writing purporting to be the last will and testament of John Powner, Sr., deceased.
The legal representatives of John Powner, Jr., deceased, who was a son of John Powner, Sr., claiming to be heirs at law, and interested in the estate of the supposed testator, were plaintiffs and contestants; and among them was Caroline Wolf, a daughter of John Powner, Jr., with whom her husband, Lewis Wolf, was joiued. The other children of John Powner, Sr., who were the devisees and legatees in the supposed will, were made defendants. One of them, Simeon Powner, was also', by said waiting, appointed executor, and had qualified accordingly. With one of them, Ruth Bacon, a devisee and legatee, her husband, John Bacon, was joined. The writing purports to dispose of all the real and personal property of John Powner, Sr. Probate had been made of the instrument purporting to be the will; and its execution, as well as the testamentary capacity of the testator, were denied by the plaintiffs, who also averred that it was the result of the dictation and undue influence of Simeon Powner, the executor named therein, and who was one of the principal devisees and legatees. The defendants answered, making an issue pursuant to statute.
By the verdict of the jury, this issue was found -for the defendants, and judgment was entered establishing the w.ill, *474 and adjudging the costs against the plaintiffs. This judgment they now seek to reverse, mainly on the ground of error occurring on the trial, in the exclusion of witnesses and testimony produced and offered by the plaintiffs.
From a bill of exceptions duly taken on the trial, it appears that, in order to sustain the issues on their part, the plaintiffs called Louis Wólf as a witness, who, after being duly sworn, testified that he was the husband of Caroline Wolf, one of the plaintiffs, and thereupon the plaintiffs’ counsel asked the said Wolf the following question :
“State whether you were acquainted with John Powner, the testator, prior to his death ; what opportunity you had for knowiug the condition of his mind at the time the will in controversy was made, and shortly before and after.”
To which question counsel for the defendants objected, on the ground that said Wolf was a party to the suit, and the husband of the said Caroline Wolf, and the court sustained said objection, and refused to let the witness answer said question.
To which ruling of the court the plaintiffs then and there excepted.
The plaintiffs, to further maintain the issues on their part, also asked the said Wolf the following question :
“Second. You will please state whether you had any conversation with John Powner, the testator, during the last two or three years of his life; if so, at what time ? And if .you say yea, and if such conversation occurred at or about the time the will was made, then state whether he talked rationally or not, and state fully his condition of mind at the time you conversed.”
To which question the defendants, by their counsel, objected, upon the ground that said Wolf was a party to the suit, and the husband of the said Caroline Wolf. Upon which ground the court sustained said objection, and refused to let the witness answer said question.
To which ruling of the court the plaintiffs then and there excepted.
From these rulings of the court, it is evident that the *475 witness, Louis Wolf, was excluded from testifying in the case on account of bis supposed incompetency, by reason of his being a party to the suit, and the husband of the plaintiff, Caroline Wolf.
The objection made and sustained, was to the competency of the witness to testify in the case, and not to the relevancy or competency of the subject-matter in regard to which he was interrogated. The question then is, was Louis Wolf incompetent to testify as a witness for the plaintiffs ?
The trial in the court below was had in November, 1873, and as the law then stood, there can be no doubt that an objection to the competency of Louis Wolf as a witness for plaintiffs, could not be sustained on the ground that he was the husband of Caroline Wolf, one of the plaintiffs in the case.
Couusel for defendants make no such claim in argument, but in justification of his exclusion, rely solely on the language of section 313 of the code, as amended May 2, 1871 (68 Ohio L. 127).
That language is as follows :
“ No party to a civil action shall be allowed to testify, by virtue of section three hundred and ten, in any action where the adverse party is the guardian or trustee of a child or children of a deceased person, or of an idiot or of a lunatic, or of a deaf and dumb person, or is the executor or administrator of a deceased person, or is a party claiming or defending as heir, grantee, or devisee of a deceased person, except in the following cases ; provided that nothing herein contained shall be so construed as to prevent any and all the heirs, grantees, and legatees from testifying in cases to contest the validity of, or to set aside a will or deed of any ancestor or grantee under whom they may claim title.”
It is claimed that Louis Wolf was a party to the action ; that he might well be joined with his wife, who was one of the heirs ; and being a party on the record, he was expressly prohibited from testifying by the terms of this section, and was not exempted from its operation by the sub *476 sequent proviso, relating to the contest of wills, because he was not an heir.
We think, however, that the witness was improperly held to be incompetent; and that for several reasons.
1. We all concur in the opinion that the parties intended to be excluded from testifying by this section are the real, and not mere formal, nominal, and wholly unnecessary parties. This section only prohibits a party from testifying in an -action where the adverse party sustains certain relations or characters, or comes within certain specified descriptions.
Whether parties are adverse to each other or not, depends on the antagonism or identity of their interests, and not on their mere position as plaintiffs or defendants in the case. Allen v. Miller, 11 Ohio St. 374. As to Louis-Wolf, none of the parties -were adverse in interest, for he had no direct interest in the case. '
Should the jury find against the validity of the will, he could gain nothing; for he was not an heir to the supposed testator. Should its validity be sustained, he had nothing to gain ; for he was neither a devisee nor a legatee. He was a mere nominal party, without an interest adverse to any of the real litigants. He was simply joined with his wife, because of her coverture. And it is conceded that this was wholly unnecessary. Her rights in the property left by her, grandfather were her separate property, and in respect to them, under the statute, she might sue in her own name. To give her a standing in court she needed neither the aid of her husband nor a next friend. It is admitted that her husband’s name might, on motion, have been wholly withdrawn from the record as a party.
The failure to do so did not in any way prejudice the defendants. It perhaps gave them additional security for the payment of costs 'in the event of their success in the action, but could have no other effect.
To hold that the inhibition of this section was applicable to Louis Wolf, would be to lose sight of the reason of the enactment, and to ignore the rule of construction indicated by the maxim : “ Qui hoeret in litera, hceret in cortice.”
*477 2. We think the literal construction of this inhibition, contended for by counsel for defendants, is forbidden by the proviso found in the same section, which says : “ provided that nothing herein contained shall be so construed as to prevent any and all the heirs . . and legatees from testifying in cases to contest the validity of, or to set aside a will . . of . . any ancestor under whom they may claim title.” -
The heirs are, generally at least, the only persons interested in having a will set aside, and are therefore the only persons who can have a proper standing as plaintiffs, in a petition filed for that purpose. Devisees and legatees are the only persons wTho eau have a direct personal interest in maintaining the validity of the will; and they are therefore the proper parties defendant in such a contest. Devi-sees are not expressly named among the parties who are not to be prevented by construction from testifying. Ar'e they to be excluded from testifying ?
The executor of the will is a proper party defendant; but as he is not Darned in the proviso, is he to be excluded from the witness stand ? We think the legislature by declaring that, in this class of cases, nothing contained in this section shall be so construed as to prevent any and all the heirs, on the one hand, and any and all the legatees, upon the other hand, from testifying, has virtually withdrawn, and intended to withdraw, contests of this character from the operation of section 313, and left them to be governed by section 310.
Had Louis Wolf been an interested heir, and as such been a party plaintiff, his right to testify would have been unquestionable, by the very -words of the proviso. Neither his interest as a party, or otherwise, would have rendered him incompetent. But it is said he was not an heir, and had no direct interest in the issue on trial. To -which we answer, a fortiori, he might testify. The legislature has guarded against an erroneous construction of which it was thought the language might be susceptible, but did not think it necessary to go further, and guard against a con *478 struction every way unreasonable. Having said, the section should not be so construed as to prevent parties most deeply and directly interested in the issue from testifying, it was not thought necessary to guard against a construction which would exclude witnesses who might have a remote or contingent interest, or no interest whatever in the controversy, if they should happen to be made parties on the record. We are asked to hold that the proviso which makes interested parties competent witnesses, was intended to leave nominal parties, who have no personal interest in the issue, incompetent, and thus to make interest, in the event of the suit, a qualification essential to the competency of a party as a witness. A construction so preposterous could only be justified by language admitting of no other reasonable construction. Parties at common law were excluded from testifying solely on the ground of interest. Section 310 of the code removed all incompetency on that ground. Section 313 excepts certain cases from the operation of section 310, but was surely never intended to reverse the common law rule, and make interest essential to competency as a witness.
Speaking for'myself alone, I should be very strongly inclined to hold, that even if no such proviso were found in this section, it would be a perversion of its purpose to apply its inhibition to any party to an issue of devisacit vel non. The reason and policy of the section are obvious. The persons entitled to claim its protection are an actual executor or administrator of a deceased person, or the actual heir, grantee, or devisee of a deceased person, who is claiming, or defending against a claim made against him, as such. These are all persons who are in privity with the deceased; who stand in his shoes; are his representatives; are claiming or defending as he, if living, might claim or be required to defend, in respect to rights or liabilities, which by his death have passed to, or been devolved upon them. In regard to such fights or liabilities, had a controversy arisen during the life of the deceased, both he and the adverse party could have testified in the case by virtue of section *479 310. But on his death, the rights which were vested in him can no longer be maintained by Ms testimony — he can not be heard in defense against an unjust claim preferred against Ms estate; and, therefore, as against Ms representatives, who succeed to his rights, or become answerable for his liabilities, section 313 renders the adverse party incompetent to testify. But on an issue of devisavit vel non, the case is wholly different. As to the question iii issue, the parties are not in privity with the deceased. The property and estate left by him is neither increased nor diminished by the result of the trial. lie could never have been a party to the controversy, nor have testified in relation to the subject-matter of the issue. No evidence in favor of either party has been lost by his death, and the sole reason of the inhibition wholly fails. -The case is clearly not within the reason of the exclusion declared by section 313; nor do I think it comes within its terms, properly construed. Nor there is an obvious distinction between a claim made by or against an actual, acknowledged executor or devisee, as such executor or devisee, and a mere contest as to the existence of such a relation. I think the terms of this section make it applicable to the former class of cases, but not to the latter. But to prevent any misconstruction of language, which was somewhat ambiguous, its true construction was, through abundant caution, declared by way of proviso.
It is not shown by the record in this case what the plaintiffs expected to prove by the witness, Louis "Wolf, and it may be that the plaintiffs were not, in fact, prejudiced by Ms rejection. Will such prejudice be presumed?
In Hollister v. Reznor, 9 Ohio St. 1, the rule on this subject is thus stated, and supported by authority: “Where the witness offered is rejected, as incompetent to testify, the court will hold that the party offering the witness has been prejudiced by his exclusion, though the facts he was expected to prove are not stated — the ground of exclusion being wholly irrespective of the subject-matter of his testimony.” Approving of this rule, as we do, the judgment of *480 the court below must, for the improper exclusion of the witness offered, be reversed.

Judgment reversed.